IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

```
BRIGHAM YOUNG UNIVERSITY-        ) CIVIL NO. 12-00401 ACK-RLP
HAWAII,                          )
                                 ) FINDINGS AND RECOMMENDATION TO
            Plaintiff,           ) GRANT DEFENDANT HARO SPORTS USA
                                 ) aka HARO SPORTS FLOORING'S MOTION
       vs.                       ) TO QUASH DEFECTIVE SERVICE OF
                                 ) SUMMONS
HAMBERGER FLOORING GmbH & CO.    )
KG; ET AL.,                      )
                                 )
            Defendants.          )
_____  )
```

FINDINGS AND RECOMMENDATION TO GRANT DEFENDANT HARO
SPORTS USA aka HARO SPORTS FLOORING'S MOTION TO
QUASH DEFECTIVE SERVICE OF SUMMONS[1]

Before the Court is HARO Sports USA aka HARO Sports Flooring's ("HARO Sports") Motion to Quash Defective Service of Summons, filed October 2, 2012 ("Motion"). ECF No. 13. Pursuant to Federal Rule of Civil Procedure 12(b)(5), HARO Sports seeks dismissal asserting that service of process was insufficient. Mot. at 2. Plaintiff Brigham Young University-Hawaii ("BYU-Hawaii") filed its Opposition on October 12, 2012. ECF No. 15. HARO Sports filed its Reply on October 18, 2012. ECF No. 17. The Court found this matter suitable for disposition without a

---

[1] Within fourteen days after a party is served with a copy of the Findings and Recommendation, that party may, pursuant to 28 U.S.C. § 636(b)(1)(B), file written objections in the United States District Court. A party must file any objections within the fourteen-day period allowed if that party wants to have appellate review of the Findings and Recommendation. If no objections are filed, no appellate review will be allowed.

hearing pursuant to LR 7.2(d) of the Local Rules of Practice for the United States District Court for the District of Hawaii.  ECF No. 14.  After careful consideration of the Motion, the supporting and opposing memoranda, declarations, and exhibits attached thereto, the Court FINDS AND RECOMMENDS that the district court GRANT HARO Sports' Motion.

BACKGROUND

BYU-Hawaii filed this action on July 17, 2012, alleging various claims related to defects in new wood parquet flooring installed in BYU-Hawaii's athletic facility.  ECF No. 1.  BYU-Hawaii named the following defendants in its initial Complaint: Ace Surfaces, Inc.; Hamberger Industriewerke GmbH, the manufacturer of the wood flooring; Pro Star, Inc., the supplier of the wood flooring; Thomas Rilliet, LTD dba Renaissance Wood Flooring & Co. and/or Aloha Hardwood Flooring, the local flooring contractor on the project; and HARO Sports, the alleged supplier of the flooring.  BYU-Hawaii later dismissed Ace Surfaces Inc. from the suit and filed an amended complaint on September 5, 2012.  ECF Nos. 5, 8.

BYU-Hawaii's construction manager for the flooring project met with Franz Fasold, who represented himself as the "National Sales Manager" for HARO Sports USA, doing business as HARO Sports and/or Ace Surfaces Inc.  Compl. ¶ 12.  Mr. Fasold's business cards showed that Ace Surfaces Inc. and HARO Sports USA

shared an address in Altamonte Spring, Florida.  <u>See</u> Ex. 2 to Decl. of Billy Casey, Jr.  After BYU-Hawaii noticed defects in the newly installed flooring, BYU-Hawaii contacted Franz Fasold, who flew to Hawaii to inspect the flooring and recommended a fix. Compl. ¶¶ 28-29.  BYU-Hawaii alleges that the problems with the flooring were not fixed and the floor remains unusable.  <u>Id.</u> ¶ 35.

According to the Affidavit of Service, HARO Sports was served "c/o Franz Fasold, as Registered Agent."  ECF No. 6 at 3. The Affidavit also states that Mr. Fasold "states he is National Salesman for HARO Sports."  <u>Id.</u>  The "Person Served, and Method of Service" line on the Affidavit is blank.  <u>Id.</u>  The present Motion followed.

### DISCUSSION

Service of process "is the means by which a court asserts its jurisdiction over the person."  <u>SEC v. Ross</u>, 504 F.3d 1130, 1138 (9th Cir. 2007).  Plaintiff must serve the summons and complaint in accordance with the requirements of Federal Rule of Civil Procedure Rule 4.  <u>Id.</u>   The burden of proving service is generally on plaintiff.  <u>See</u> <u>SEC v. Internet Solution for Business, Inc.</u>, 509 F.3d 1161, 1165 (9th Cir. 2007).  Although a process server's affidavit is prima facie evidence of service, that presumption can be overcome by "strong and convincing evidence."  <u>Id.</u> at 1163.

Rule 4 authorizes service on "a domestic or foreign corporation, or a partnership or other unincorporated association that is subject to suit under a common name" by delivering the summons and complaint to "an officer, a managing or general agent, or any other agent authorized by appointment or by law to receive service of process." Fed. R. Civ. P. 4(h)(1)(B).

It is unclear from the filings in this action whether HARO Sports is a "a domestic or foreign corporation, or a partnership or other unincorporated association." Plaintiff alleges in the Complaint that HARO Sports is "a Florida company whose principal place of business is situated in Altamonte Springs, Florida." Compl. ¶ 3. However, in support of the Motion, Mr. Fasold declares that HARO Sports is not a registered Florida company and "is not a legal entity registered to do business in the United States." Fasold Decl. ¶¶ 4-5. BYU-Hawaii concedes that the Florida Department of State Division of Corporations "does not reflect that HARO Sports USA is a registered entity in the State of Florida." Decl. of Adrian W. Rosehill ¶ 13. Neither party has provided the Court with any information regarding whether HARO Sports is a legal entity or a fictitious or trade name. Although HARO Sports alludes in its Reply that BYU-Hawaii is attempting to avoid the necessity of serving a foreign company, it is not clear if HARO Sports is a foreign company or if it is a dba or trade name for another

foreign company in this action.  See Reply at 3-4, 6.  HARO Sports does not make any representations regarding what type of legal entity it is, if any.  Without information regarding the structure or organization of HARO Sports, the Court is unable to make any determination regarding whether Mr. Fasold was acting as its agent for purposes of sufficiency of service of process.  Plaintiff appears to concede that service was insufficient.  See Opp. at 10.  Accordingly, the Court FINDS AND RECOMMENDS that the district court GRANT the Motion to Quash.

Although BYU-Hawaii requests in its Opposition that the Court grant it leave to file an amended complaint "to name Franz Fasold doing business as HARO Sports USA or HARO Sports Flooring, or to name Ace Surfaces North America, Inc. whose president is Franz Fasold," (Opp. at 10), the Court declines to address BYU-Hawaii's request until it is properly presented in a motion and fully briefed.

## CONCLUSION

Based on the foregoing, the Court FINDS AND RECOMMENDS that the district court GRANT Defendant HARO Sports USA aka HARO Sports Flooring's Motion to Quash Defective Service of Summons.

///
///
///
///

IT IS SO FOUND AND RECOMMENDED.

DATED AT HONOLULU, HAWAII, OCTOBER 31, 2012.



_____
Richard L. Puglisi
United States Magistrate Judge

**BRIGHAM YOUNG UNIV.-HAW. V. HAMBERGER FLOORING GmbH & CO., ET AL., CIVIL NO. 12-00401 ACK-RLP; FINDINGS AND RECOMMENDATION TO GRANT DEFENDANT HARO SPORTS' MOTION TO QUASH DEFECTIVE SERVICE OF SUMMONS**